IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FIRST HAWAIIAN BANK, | ) | CIVIL NO. 13-00352 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIANE ELIZABETH MATHER, etc., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER REMANDING ACTION TO STATE OF HAWAI`I CIRCUIT COURT OF THE FIRST CIRCUIT

On July 17, 2013, Defendant Diane Elizabeth Mather, individually and as sole trustee of the Hana2008 Living Trust ("Mather"), filed a Notice of Removal.  The Notice of Removal pertained to the Complaint in First Hawaiian Bank v. Mather Real Estate, LLC, et al., Civil No. 13-1-0214-01, filed on January 25, 2013 in the State of Hawai`i Circuit Court of the First Circuit ("First Circuit Court").  [Notice of Removal, Exh. B.]

This is the same state court action which Mather attempted to remove in First Hawaiian Bank v. Mather Real Estate, LLC, et al., CV 13-00294 JMS-RLP ("CV 13-00294").  [CV 13-00294 JMS-RLP, Notice of Removal, Exh. B.]  The district judge in CV 13-00294 remanded the action to the First Circuit Court, ruling that the Complaint did not provide a basis for either diversity jurisdiction or federal question jurisdiction.  [CV 13-00294, Order Remanding Action to the First Circuit Court of the

State of Hawaii, filed 6/27/13 (dkt. no. 7) ("Remand Order").] The district judge found that First Hawaiian Bank "alleges basic state law claims based on Defendants' alleged default on loans." [Id. at 3.]  Mather filed a motion for reconsideration of the Remand Order, and the district judge denied the motion.  [CV 13-00294, dkt. nos. 8, 9.]  Mather filed the Notice Removal in the instant case less than two weeks after the denial of her motion for reconsideration in CV 13-00294.

This Court notes that the collateral estoppel doctrine may not apply to the Remand Order in CV 13-00294.  See Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 705 n.4 (8th Cir. 2011) (some citations omitted) (citing Health Cost Controls of Ill., Inc. v. Washington, 187 F.3d 703, 708 (7th Cir. 1999); Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 395 (5th Cir. 1998)); see also Hohu v. Hatch, No. C-12-4906 EMC, 2013 WL 1629196, at *7 (N.D. Cal. Apr. 16, 2013) ("The Ninth Circuit has not yet opined directly on the question of whether the unappealable nature of a remand order deprives it of any preclusive effect in subsequent proceedings.").  This Court, however, agrees with the analysis in the Remand Order and adopts that analysis in the instant case.

This Court therefore CONCLUDES, for the reasons set forth in the CV 13-00294 Remand Order, that the Complaint does not set forth any basis for federal jurisdiction.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY REMANDS this action to the First Circuit Court. This Court DIRECTS the Clerk's Office to transmit a certified copy of this order to clerk of the First Circuit Court.

This Court CAUTIONS Mather that multiple attempts to remove the same action based on the same grounds are improper. Any future attempts to remove the Complaint in First Circuit Court Civil No. 13-1-0214-01 on the same grounds, which have been rejected in CV 13-00294 and in the instant case, may result in an award of expenses, including attorneys' fees, in favor of First Hawaiian Bank following a motion to remand pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 7, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FIRST HAWAIIAN BANK V. DIANE ELIZABETH MATHER, ETC., ET AL; CIVIL NO. 13-00352 LEK-KSC; ORDER REMANDING ACTION TO STATE OF HAWAI`I CIRCUIT COURT OF THE FIRST CIRCUIT**